IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC FILED
FEB 0 8 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
FEB 0 8 2008

| | |
|---|---|
| DAVID LAKIN | ) |
| Plaintiff, Pro Se | ) |
| | ) |
| v. | ) 08CV842<br>) JUDGE DARRAH<br>) MAGISTRATE JUDGE ASHMAN |
| | ) |
| GARY SKALETSKY, MD | ) |
| LIBERTY MUTUAL INSURANCE COMPANY | ) |
| SERVISAIR, LLC | ) |
| Defendants | ) |
| | ) |

### COMPLAINT

Now comes Plaintiff complaining of Gary Skaletsky, M.D., Liberty Mutual Insurance Company and Servisair, LLC and says as follows:

#### Jurisdiction

Filing occurs pursuant to Section 41 of the Federal Code of Civil Procedure. Jurisdiction arises under the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 USC 1161 et seq. and under RICO 18 USC 1951 and 1961 et seq.

### THE PARTIES

1. Plaintiff was an employee of Hudson General, LLC. He was injured in their employ while working at O' Hare International Airport in Chicago, Illinois on June 14, 2001.

2. Gary Skaletsky is a physician licensed to practice medicine in Illinois (hereinafter referred to as Dr. Skaletsky).

3. Servisair, LLC (hereafter referred to as Servisair) is the successor company to Hudson General, LLC.

4. Liberty Mutual Insurance Company (hereafter referred to as Liberty Mutual) is an insurance company licensed to do business in Illinois, including providing employers with insurance for incidents occurring under the Illinois Worker's Compensation Act, 820 ILCS305/1 et. Seq.

**Count 1 – Failure to Maintain Medical Confidentiality**

5, 6, 7 & 8. As paragraphs 5, 6, 7 & 8, Plaintiff realleges the allegations of paragraph 1, 2, 3 & 4.

9. On July 2, 2001, Liberty Mutual, as the workers compensation insurance company for Servisair, sent Plaintiff to Dr. Skaletsky for an evaluation to be held on July 10, 2001.

10. At Liberty Mutual's request, Plaintiff was reexamined by Dr. Skaletsky on July 31, 2001.

11. After the examination of July 31, 2001, Plaintiff requested that Dr. Skaletsky become his treating physician for the injuries sustained on June 14, 2001.

12. Dr. Skaletsky accepted this change of status and referred Plaintiff to Edward Hospital for physical therapy. Plaintiff went to physical therapy as prescribed.

13. On August 31, 2001, Dr. Skaletsky, without examining the Plaintiff released him to return to work without restrictions and conveyed this information to Liberty Mutual

14. As Dr. Skaletsky's patient, Plaintiff was entitled to have his medical information protected from disclosure to third parties.

WHEREFORE, Plaintff prays for judgment in his favor and against Dr. Skaletsky in such sum as the trier of fact may find appropriate.

**Count II – Failure to Maintain Medical Confidentiality**

15-24  As Paragraphs 15 through 24, Plaintiff realleges the prior paragraphs 1, 2, 3, 4, 9, 10, 11, 12, 13 & 14.

25. As the carrier of Servisair's workers compensation insurance, Liberty Mutual has no right to access Plaintiff's medical information except as provided by the Rules of the Industrial Commission of Illinois.

26. The Rules of the Industrial Commission require that the Plaintiff's medical records are available from his doctor either through agreement or through a subpoena. There was neither an agreement nor a subpoena when Liberty Mutual obtained the medical records of Plaintiff relating to the examination of Plaintiff on August 31, 2001.

27. By September 12, 2001, Liberty Mutual had transmitted the medical report as of August 31, 2001 to Servisair.

WHEREFORE, Plaintiff prays for judgment in his favor and against Liberty Mutual in such sum as the trier of fact may find appropriate.

**Court III – Wrongful Discharge**

28-31  As paragraphs 28, 29, 30 & 31, Plaintiff realleges the allegations of Paragraphs 1, 2, 3, and 4.

32. Prior the accident of June 14, 2001, Plaintiff had sustained three prior work related injuries to his legs and was threatened with termination if he sustained another injury on the job.

33. Plaintiff sustained another work related injury on June 14, 2001.

34-41.  As paragraphs 34 through 41, Plaintiff realleges the allegations of paragraphs, 9, 10, 11, 12, 13, 25, 26 and 27.

42. Armed with the improperly obtained medical report as of August 31, 2001, Servisair terminated Plaintiff's employment.

43. It is against the public policy of the State of Illinois to terminate or threaten to terminate an employee for asserting his rights under the Illinois Worker's Compensation Act.

WHEREFORE, Plaintiff prays for judgment in his favor against Servisair in such sum as the trier of fact may find appropriate.

### Count IV – Civil Conspiracy

44-56 As paragraphs 44 -56, Plaintiff realleges the allegations of paragraphs 1, 2, 3, 4, 9, 10, 11, 12, 13, 25, 26, 27 and 42.

57. The defendants named above conspired through its numerous tortuous acts and in conjunction with each other to deny Plaintiff of his rights under the Illinois Worker's Compensation Act and his employment with Servisair. Said allegation is made upon information and belief.

WHEREFORE, Plaintiff prays for judgment in his favor and joint and severally against each defendant in such sum as the trier of fact may find appropriate.

### Count V – Breach of Bailment

58, 59 & 60. As paragraphs 58-60, Plaintiff realleges the allegations of paragraphs 1, 3, and 4.

61. Plaintiff continues to suffer from the injuries sustained from the June 14, 2001 accident.

62. Plaintiff, being terminated, never returned to Servisair, as an employee.

63. Subsequent to notification of this termination, Plaintiff returned to Servisair premises to retrieve his tools which had been stored there. Upon examination of the tool box, approximately $10,000 in tools had been removed and was missing.

WHEREFORE, Plaintiff prays for judgment in his favor and against Servisair in the sum of $10,000.

### Count VI – Violation of COBRA

64, 65, 66 & 67. As paragraphs 64, 65, 66 and 67 Plaintiff realleges the allegations of paragraphs 1, 3, 33 and 42.

68. Upon Plaintiff's termination, Servisair had an obligation under federal law to offer Plaintiff continued medical insurance coverage, at Plaintiff's cost for a specified time, as determined by federal law.

69. No such offer was ever made.

WHEREFORE, Plaintiff prays for judgment in his favor and against Servisair in such sum as the trier of fact may find appropriate within the guidelines of applicable federal law.

### COUNT VII – Withholding of Accrued Vacation Pay

70, 71, 72 & 73. As paragraphs 70, 71, 72 & 73, Plaintiff realleges the allegations of paragraphs 1, 3, 33 and 42.

74. At time of termination, Plaintiff had accrued approximately $2,000 as vacation pay which was never paid to him.

WHEREFORE, Plaintiff prays for judgment in his favor and against Servisair in the sum of $2,000.

### COUNT VIII - RICO Against Servisair

75, 76, 77 & 78. As paragraphs 75, 76, 77 and 78, Plaintiff realleges the allegations of paragraphs 1, 2, 3, and 4.

79. Prior the accident of June 14, 2001, Plaintiff had sustained three prior work related injuries to his legs and was threatened with termination if he sustained another injury on the job.

80. Plaintiff sustained another work related injury on June 14, 2001.

81-88. As paragraphs 81 through 88, Plaintiff realleges the allegations of paragraphs 9, 10, 11, 12, 13, 25, 26 and 27.

89. Armed with the improperly obtained medical report medical report as of August 31, 2001, Servisair terminated Plaintiff's employment.

90. It is against public policy of the State of Illinois to terminate or threaten to terminate an employee for asserting his rights under the Illinois Workers Compensation Act.

91. Upon information and belief, Plaintiff was not the only employee of Hudson General or Servisair to be terminated for seeking to assert his rights under the applicable Worker's Compensation Statues.

WHEREFORE, Plaintff prays for judgment in his favor and against Servisair in such sum as the trier of fact my find appropriate, as determined by Federal law.

### COUNT VIIII- RICO Against Liberty Mutual

92. Under the Illinois Worker's Compensation Act, Section 12, Liberty Mutual, as Servisair's liability carrier had the right to have the Petitioner examined by a "....duly qualified medical practitioner or surgeon."
93. On February 7, 2002, at the request of Liberty Mutual, Plaintiff was examined by Dr. David Hartman, who is neither a duly qualified medical petitioner nor a surgeon.

94. Plaintiff was not informed that Dr. Hartman was a psychologist and not covered by Section 17 of the Illinois Workers's Compensation Act.

95. Although obligated to provide payment for Plaintiff's transportation to and from an Examination under Section 12 aforesaid, transportation was provided for Plaintiff's return and it was accomplished at Plaintiff's own expense.

96. Although Section 12 requires payment for Plaintiff's lost wages for the time spend during the examination, no payment was received.

97. Upon information and belief, Liberty Mutual has conspired to send other injured employees to persons for examination who are neither a duly qualified medical practitioner nor a surgeon, failed to pay for all of the injured employee's transportation in whole or in part and/or failed to compensate the injured employee's time spend for examination.

WHEREFORE, Plaintiff prays for judgment in his favor and against Liberty Mutual in such sum as the tier of the fact may find appropriate, as determined by federal law.

**COUNT X – RICO Against all Defendants**

98-110  Paragraphs 98-110, Plaintiff reallages the allegations of Paragraphs 1, 2, 3, 4, 9, 10, 11, 12, 13, 25, 26, 27 and 42.

111. The defendants named above conspired through its numerous tortuous acts and in conjunction with each other, to deny Plaintiff of his rights under the Illinois Worker's Compensation Act and his employment with Servisair. Said allegation is made upon information and belief.

112. Upon information and belief, the defendants conspired together to deprive each injured employee of their rights under Illinois law.

WHEREFORE, Plaintiff prays for judgment in his favor and against each defendant in such sum as the trier of fact may find appropriate as determined by federal law.

**GENERAL PLEA**

Plaintiff prays for each and every specific plea contained herein, for such penalties as may be provided by federal law, attorney's fees as applicable and the costs of these proceedings.

David Lakin


David Lakin, Plaintiff
1212 South Naper Boulevard, Suite 119
Box 104
Naperville, IL 60540
(630) 853-4668