IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID LAKIN, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 0842 |
| ) | |
| v. ) | Judge Darrah |
| ) | Magistrate Judge Ashman |
| GARY SKALETSKY, MD, LIBERTY ) | |
| MUTUAL INSURANCE COMPANY and ) | |
| SERVISAIR, LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SERVISAIR LLC'S
RULE 12(B)(6) MOTION TO DISMISS**

Defendant Servisair LLC, by its attorneys, moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all claims made against Servisair by Plaintiff David Lakin ("Lakin"). In support of its motion, Servisair submits herewith its memorandum in support and states in summary as follows:

1. Lakin is a former employee of Servisair.[1]

2. In his Complaint, Lakin claims that (1) on or around August 31, 2001, Servisair terminated his employment for asserting his rights under the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/1, *et seq.* (Lakin's "retaliatory discharge" claim) (Count III); (2) Servisair and co-Defendants Gary Skaletsky, M.D., ("Dr. Skaletsky") and Liberty Mutual Insurance Company ("Liberty Mutual") conspired to deprive him of his rights under the IWCA and of his employment with Servisair (Lakin's "conspiracy" claim) (Count IV);

---

[1] When Lakin last worked for the Company in 2001, it was known as Hudson General LLC. It later changed its name to GlobeGround North America LLC and then to Servisair LLC. Since the instant complaint is brought against Servisair, we will refer to the Company as Servisair throughout this motion.

(3) Servisair breached a bailment to safeguard Lakin's tools while he was off work due to an injury (Count V); (4) Servisair violated the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, *et seq.*, by failing to offer him continued medical insurance coverage after Servisair terminated his employment (Count VI); (5) Servisair failed to pay him accrued vacation pay when it terminated his employment (Count VII); (6) Servisair's termination of Lakin's employment somehow violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a)-(d) (Count VIII); and (7) Servisair and its co-Defendants somehow violated RICO by conspiring to deprive Lakin of his rights under the IWCA and of his employment with Servisair (Count X).

3. This case is a refiling of Case No. 03 C 3333 (the "2003 Case"), which involved the same parties and essentially the same claims by Lakin.[2]

4. On May 10, 2005, this Court granted Lakin's oral motion to voluntarily dismiss the 2003 Case without prejudice. (Document No. 82).

5. On February 8, 2008, Lakin filed his complaint in this case.

6. All of Lakin's claims against Servisair are based on events that occurred before or around August 31, 2001, when Servisair allegedly terminated his employment. That is when the clock began to run for each of Lakin's claims, and time expired no later than five years thereafter.

7. Neither the filing of the 2003 Case nor the fact that it was voluntarily dismissed "without prejudice" saves Lakin's claims against Servisair from dismissal. "Without

---

[2] Lakin did not claim that Defendants' alleged wrongful conduct violated RICO until he filed an "Amended Complaint" (Document No. 97) on May 4, 2006, almost one year after his original complaint was voluntarily dismissed.

prejudice" does not mean "without consequence." If a case is dismissed and refiled, the fresh suit must satisfy the statute of limitations.

8.  Section 13-217 of the Illinois Code of Civil Procedure gave Lakin some extra time to refile: It provides that a voluntarily dismissed case may be refiled "within one year or within the remaining period of limitation, whichever is greater, . . . after the action is voluntarily dismissed." But the one-year period (1) expired on May 10, 2006 and (2) did not apply to Lakin's federal claims.

9.  Accordingly, Lakin's claims against Servisair should be dismissed with prejudice because the limitations period applicable to each claim has expired.

10. Lakin's RICO claims against Servisair should be dismissed for the additional reason that Lakin has failed to plead any of the elements of a RICO claim.

WHEREFORE, Servisair requests that this Court enter an order dismissing Lakin's claims against Servisair with prejudice, awarding Servisair its costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and granting Servisair such other and further relief as the Court shall deem just and proper.

DATED: April 8, 2008                              SERVISAIR LLC


                                          By:    s/Donald J. McNeil
                                                 One of Its Attorneys

Donald J. McNeil, #6193106
Jeremy B. Lewin #6269242
Barnes & Thornburg LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606
(312) 357-1313
(312) 759-5646 (FAX)

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing Defendant Servisair LLC's Rule 12(b)(6) Motion to Dismiss was served upon:

>David Lakin
>1212 South Naper Boulevard, Suite 119
>Box 104
>Naperville, Illinois 60540

by depositing same with FedEx on this 8th day of April 2008, for delivery via FedEx Standard Overnight.

*s/ Donald J. McNeil*

CHDS01 458800v1