IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID LAKIN, | ) |
| | ) |
| Plaintiff, | ) Case No. 08 C 0842 |
| | ) |
| v. | ) Judge Darrah |
| | ) Magistrate Judge Ashman |
| GARY SKALETSKY, MD, LIBERTY | ) |
| MUTUAL INSURANCE COMPANY and | ) |
| SERVISAIR, LLC, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT SERVISAIR LLC'S MEMORANDUM
OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendant Servisair LLC ("Servisair" or the "Company"), by its attorneys, submits this memorandum of law in support of its Fed. R. Civ. P. 12(b)(6) motion to dismiss all claims made against Servisair by Plaintiff David Lakin ("Lakin").

**I. INTRODUCTION AND BACKGROUND**

Lakin is a former employee of Servisair.[1] In his Complaint, Lakin claims that (1) on or around August 31, 2001, Servisair terminated his employment for asserting his rights under the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/1, *et seq.* (Lakin's "retaliatory discharge" claim) (Count III); (2) Servisair and co-Defendants Gary Skaletsky, M.D., ("Dr. Skaletsky") and Liberty Mutual Insurance Company ("Liberty Mutual") conspired to deprive him of his rights under the IWCA and of his employment with Servisair (Lakin's "conspiracy" claim) (Count IV); (3) Servisair breached a bailment to safeguard Lakin's tools while he was off

---

[1] When Lakin last worked for the Company in 2001, it was known as Hudson General LLC. It later changed its name to GlobeGround North America LLC and then to Servisair LLC. Since the instant complaint is brought against Servisair, we will refer to the Company as Servisair throughout this memorandum.

work due to an injury (Count V); (4) Servisair violated the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, *et seq.*, by failing to offer him continued medical insurance coverage after Servisair terminated his employment (Count VI); (5) Servisair failed to pay him accrued vacation pay when it terminated his employment (Count VII); (6) Servisair's termination of Lakin's employment somehow violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a)-(d) (Count VIII); and (7) Servisair and its co-Defendants somehow violated RICO by conspiring to deprive Lakin of his rights under the IWCA and of his employment with Servisair (Count X).

This case is a refiling of Case No. 03 C 3333 (the "2003 Case"), which involved the same parties and essentially the same claims by Lakin.[2] On May 10, 2005, this Court granted Lakin's[3] oral motion to voluntarily dismiss the 2003 Case without prejudice. (Document No. 82). The Court retained jurisdiction to determine reasonable costs to be awarded to all Defendants. (Id.). At a settlement conference before Magistrate Judge Ashman, the parties reached agreement regarding all issues involving costs. (Document No. 90). Accordingly, on December 6, 2005, this Court entered a minute order stating, "Parties having filed a stipulation to dismiss, this case is closed." (Document No. 96).

Lakin's lawsuit was dismissed without prejudice, so he was not barred from filing a new lawsuit asserting the same claims (or different ones for that matter). Instead of doing so, on May 4, 2006, Lakin filed a document entitled "Amended Complaint" in the 2003 Case.

---

[2] Lakin did not claim that Defendants' alleged wrongful conduct violated RICO until he filed an "Amended Complaint" (Document No. 97) on May 4, 2006, almost one year after his original complaint was voluntarily dismissed.

[3] At the time, Lakin was represented by counsel, who took all the actions described herein as taken by "Lakin" until Lakin entered his *pro se* appearance.

(Document No. 97). This document was not accompanied by any motion or any explanation as to why Lakin was filing an Amended Complaint in a closed case.

On November 30, 2006, Lakin filed a "Motion to Partially Vacate the Dismissal of This Cause Dated December 6, 2005." (Document No. 98). Lakin's attorney apparently read this Court's Order of December 6, 2005, noting that the case was closed, as somehow precluding Lakin from filing a new lawsuit against Defendants. Since that was not the Court's intent, the Court granted Lakin's motion in an order stating, "Plaintiff's motion to partially vacate the dismissal cause [sic] dated 12/6/05 is granted as follows: The order is amended to reflect that the dismissal is without prejudice." (Document No. 101).

On March 2, 2007, Lakin filed a "Motion to Partially Vacate the Dismissal of This Cause dated December 6, 2005 and All Other Orders Dismissing This Cause." (Document No. 104). Lakin asked the Court to "vacate the portion of its Orders dismissing this cause based upon the incorrect statement that the parties had stipulated to the entry of such Orders. And further that the time to refiling this cause be extended for the length of the time Plaintiff was prevented from doing so by these erroneous Orders." (Id.). The Court, of course, had not entered any order preventing Lakin from filing a new lawsuit. To the contrary, the Court had gone out of its way to make it clear that dismissal of this case was without prejudice. So on March 15, 2007, the Court denied Lakin's motion. (Doc. No. 107).

On October 9, 2007, Lakin (now appearing *pro se*) filed a "Motion to Reconsider the March 15, 2007 Order and Allow Plaintiff to Proceed with Cause" pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure (Lakin's "Motion"). (Document No. 109). In his Motion, Lakin did not contest that "[o]n May 10, 2005, this court granted Plaintiff's counsel an oral motion to voluntarily dismiss the suit without prejudice to refile." (Motion ¶ 1). Lakin

3

stated (accurately) that his attorney had told him "he had requested the court to allow additional time to prepare for the case and that the case was dismissed without prejudice." (Motion ¶ 2). Lakin said, "The case was refiled on May 4, 2006" (Motion ¶ 5), referring to his attorney's filing of an "Amended Complaint" despite the fact that the case at that point was closed.

According to Lakin, his attorney had told him "that the case was pending and would be moving forward shortly." (Motion ¶ 6). Lakin said in July 2007, he looked at the court file and "discover[ed] this case appeared to be closed." (Motion ¶ 9). Lakin said he had "assumed that the case was proceeding" because his former attorney told him nothing to the contrary. (Motion ¶ 10). Lakin said it took him from July 2007 until October 9, 2007, "to research the Federal Rules of Civil Procedure to learn how to file a motion as a pro se litigant." (Motion ¶ 11). He asked the Court to vacate its March 15, 2007 Order and "allow Plaintiff time to find new counsel and to proceed with this cause based on excusable neglect as [his former attorney's] failing health precluded his ability to provide adequate representation." (Motion ¶¶ 11-13, *ad damnum*). On December 6, 2007, this Court denied Lakin's Motion. (Document No. 117). On February 8, 2008, Lakin filed his complaint in this case.

## II. LEGAL ARGUMENT

A. **All of Lakin's Claims Are Untimely.**

All of Lakin's claims against Servisair are based on events that occurred before or around August 31, 2001, when Servisair allegedly terminated his employment. That is when the clock began to run for each of Lakin's claims, and time expired no later than five years thereafter. *See Teumer v. General Motors Corp.*, 34 F.3d 542, 548 (7th Cir. 1994) (five-year limitations period for retaliatory discharge claims); *Henon v. Lever Brothers Co.*, 114 Ill. App. 3d 608, 611, 449 N.E.2d 196, 197 (1st Dist. 1983) (same); *Keeran v. The Wahl Co.*, 320 Ill. App. 457, 462, 51 N.E.2d 598, 600 (1st Dist. 1943) (same for civil conspiracy claims); *In re:*

*marchFIRST, Inc.*, 378 B.R. 563, 567-68 (N.D. Ill. 2007) (same for breach-of-bailment claims); *Baker v. Kingsley*, No. 03 C 1750, 2006 U.S. Dist. LEXIS 74266, at *18-19 (N.D. Ill. Oct. 10, 2006) (copy attached) (two-year limitations period for claims of failure to provide COBRA notification); *People ex rel. Illinois Dep't of Labor v. Tri State Tours, Inc.*, 342 Ill. App. 3d 842, 848, 795 N.E.2d 990, 996 (1st Dist. 2003) (five-year limitations period for wage claims under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*); *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987) (four-year limitations period for civil RICO claims).

Neither the filing of the 2003 Case nor the fact that it was voluntarily dismissed "without prejudice" saves Lakin's claims against Servisair from dismissal. "'Without prejudice' does not mean 'without consequence.' If the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations." *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Dir. 1989). Section 13-217 of the Illinois Code of Civil Procedure gave Lakin some extra time to refile: It provides that a voluntarily dismissed case may be refiled "within one year or within the remaining period of limitation, whichever is greater, . . . after the action is voluntarily dismissed." 735 ILCS 5/13-217. But the one-year period (1) expired on May 10, 2006 and (2) did not apply to Lakin's federal claims. *Beck v. Caterpillar Inc.*, 50 F.3d 405, 407 (7th Cir. 1995).

Accordingly, Lakin's claims against Servisair should be dismissed with prejudice because the limitations period applicable to each claim has expired.

**B.    Lakin's RICO Claims Should Be Dismissed for the Additional Reason That Lakin Has Failed to Plead Any of the Elements of a RICO Claim.**

Lakin's RICO claims against Servisair should be dismissed for the additional reason that Lakin has failed to plead any of the elements of a RICO claim. To state a claim for

relief under RICO, Lakin had to plead that Servisair engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. A pattern of racketeering activity consists of at least two predicate acts of racketeering committed within a ten-year period. Predicate acts are acts indictable under a specified list of criminal laws, 18 U.S.C. § 1961(1)(B)." *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir. 1992) (internal quotation marks and citations omitted).[4]

Lakin has not pleaded any of this. For this additional reason, his RICO claims against Servisair should be dismissed.

### III. CONCLUSION

It is time for Lakin to realize that he is out of court because his lawyer voluntarily dismissed the 2003 Case, and neither the lawyer nor Lakin refiled within the allowable period. If Lakin has a beef, it's with his former lawyer, not with Servisair (or the Court).

For all the foregoing reasons, and for the reasons set forth in Servisair's motion to dismiss, Servisair requests that the Court dismiss Lakin's claims against Servisair with prejudice, and award Servisair its costs, including attorneys' fees, reasonably incurred in obtaining dismissal.

DATED: April 8, 2008                                SERVISAIR LLC

                                            By:   s/Donald J. McNeil
                                                  One of Its Attorneys

---

[4] *See Jennings v. Auto Meter Products, Inc.*, 495 F.3d 466, 472-73 (7th Cir. 2007) ("Congress passed RICO in an effort to combat organized, long-term criminal activity. . . . [T]he statute was never intended to allow plaintiffs to turn garden-variety state law . . . claims into federal RICO actions.").

Donald J. McNeil, #6193106
Jeremy B. Lewin #6269242
Barnes & Thornburg LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606
(312) 357-1313
(312) 759-5646 (FAX)
427200v1

*Baker v. Kingsley*, No. 03 C 1750, 2006 U.S. Dist. LEXIS 74266 (N.D. Ill. Oct. 10, 2006)

LexisNexis® Total Research System

Switch Client | Preferences | Sign Off | ? Help

Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector | Dossier | History

Service: Get by LEXSEE®
Citation: 2006 U.S. Dist. LEXIS 74266

*2006 U.S. Dist. LEXIS 74266, \*; 39 Employee Benefits Cas. (BNA) 2271*

JAMES BAKER, RAYMOND WOLFE, WILLIAM PATE, GARY GERDMAN, PATRICK GIDDINGS, AND PATRICIA DENSMORE, on behalf of themselves and all others similarly situated, Plaintiffs, v. ALFRED D. KINGSLEY, GARY D. DUBERSTEIN, DAVID D. JONES, JR., FRANK SICA, AND GREENMARINE HOLDINGS, LLC., Defendants.

No. 03 C 1750

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2006 U.S. Dist. LEXIS 74266; 39 Employee Benefits Cas. (BNA) 2271

October 10, 2006, Decided

**SUBSEQUENT HISTORY:** Motion granted by, in part, Motion denied by, in part Baker v. Kingsley, 2007 U.S. Dist. LEXIS 8375 (N.D. Ill., Feb. 5, 2007)

**PRIOR HISTORY:** Baker v. Kingsley, 2005 U.S. Dist. LEXIS 12772 (N.D. Ill., June 10, 2005)

**CORE TERMS:** health plan, statute of limitations, summary judgment, fiduciary, notification, plan administrator, funding, fiduciary duty, time-barred, retirees, plant, benefits plans, designated, equitable, remedial, reasonable inferences, statutory provision, administrator, coverage, breached, ongoing, failure to provide, plan participants, monetary relief, genuine issue, fraudulent concealment, termination, beneficiaries, terminated, cognizable

**COUNSEL:** [\*1] For James A Baker, Raymond Wolfe, on behalf of themselves and all others similarly situated, Plaintiffs: Thomas Howard Geoghegan, Carol Tran Nguyen, Deborah L. Mahoney, Despres Schwartz & Geoghegan, Chicago, IL.

For William Pate, Plaintiff: Carol Tran Nguyen, Despres Schwartz & Geoghegan, Chicago, IL.

For Alfred D Kingsley, Gary D Duberstein, Defendants: John F. Verhey, DLA Piper US LLP, Chicago, IL; Mark A Jacoby, Weil, Gotshal & Manges, New York, NY; Peter Graham Hallam, Law Offices of Peter G. Hallam, Orland Park, IL.

For David D Jones, Jr, Defendant: Irving M. Geslewitz, John Hester Ward, Much, Shelist, Freed, Denenberg, Ament & Rubenstein, P.C., Chicago, IL.

For Greenmarine Holdings, LLC, Defendant: Peter C. John, Christina Diane Harrison, Theodore John Low, Williams, Montgomery & John, Ltd., Chicago, IL; Mark D Meredity, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY.

For Frank Sica, Defendant: Christina Diane Harrison, Peter C. John, Theodore John Low, Williams, Montgomery & John, Ltd., Chicago, IL; Edward R. Mackiewicz, Steptoe & Johnson LLP, Washington, DC; Jonathan G. Bunge, Davis & Campbell LLC, Chicago, IL U.S.A; Paul J. Ondrasik, Jr. [\*2] , Steptoe & Johnson, LLP, Washington, DC US; Paul J Skiermont, Bartlit Beck Herman Palenchar & Scott LLP, Chicago, IL; Solomon N. Klein, Stuart Kagen, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY.

For Alex D Moglia, not personally but as chapter 7 trustee for Outboard Marine Corporation and its Related Debtor Entities, Trustee: Patrick A Clisham, Shaw Guissis Fishman Glantz Wolfson, Chicago, IL.

**JUDGES:** Robert W. Gettleman, United States District Judge.

**OPINION BY:** Robert W. Gettleman

**OPINION**

### MEMORANDUM OPINION AND ORDER

Plaintiffs James Baker, Raymond Wolfe, William Pate, Patrick Giddings, and Patricia Densmore, individually and on behalf of all others similarly situated, filed a three-count fourth amended complaint against Alfred D. Kingsley, Gary D. Duberstein, David D. Jones, Jr., Frank Sica, and Greenmarine Holdings, LLC ("Greenmarine"). Counts I and II allege a breach of fiduciary duty under § 404 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1104, by defendants' failure to fund benefits plans sufficiently. [1] Count III alleges a failure to provide adequate notification of

benefit plan termination in violation of **[\*3]** the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1166.

### FOOTNOTES

1 Plaintiffs Baker, Wolfe, and Pate made an allegation essentially identical to Count I in their second amended complaint. This court granted defendants' motion to dismiss the ERISA claim, but the Seventh Circuit reversed the dismissal. *Baker v. Kingsley,* 387 F.3d 649 (7th Cir. 2004). After remand to this court, plaintiffs were granted leave to amend. Plaintiffs again alleged the same ERISA violation in their third amended complaint, and this court denied defendants' motion to dismiss based on the governing Seventh Circuit ruling.

Defendants filed a motion to dismiss the fourth amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). ² In the alternative, defendants ask the court to grant summary judgment pursuant to Fed. R. Civ. P. 56 on the grounds that plaintiffs' claims are time-barred. After reviewing the **[\*4]** parties' written submissions, the court denies defendants' motion to dismiss. The court denies defendants' motion for summary judgment as to Counts I and II, but grants it as to Count III.

### FOOTNOTES

2 Defendants argue in their reply brief that plaintiffs identify no basis for holding Greenmarine liable as a shareholder for its failure to fund a benefit plan. Plaintiffs' complaint, however, alleges that Greenmarine, as owner of OMC, controlled or influenced the funding policy of the OMC Consolidated Health and Welfare Plan. As such, the complaint does state a a claim against Greenmarine as well as the individual members of the board of directors.

### FACTS ³

### FOOTNOTES

3 For the purposes of a motion to dismiss, the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1428 (7th Cir. 1996).

**[\*5]** Plaintiffs Baker and Wolfe were employees of Outboard Marine Corporation ("OMC"), in its Waukegan, Illinois, manufacturing and production plant. Both men were also members of the Independent Merchants and Machinists Association ("IMMA"), a labor union. Plaintiffs Giddens and Densmore were salaried non-union employees at OMC. Plaintiffs Pate and Gerdman were retirees of OMC. Plaintiffs Baker, Wolfe, Giddens, and Densmore worked for OMC at the Waukegan plant until the shutdown of the plant on December 21, 2000, on which date OMC terminated them. As of December 21, 2000, all named plaintiffs were active or retired participants in OMC's health and welfare plan ("OMC Consolidated Plan"), which was self-funded and self-insured. According to plaintiffs' fourth amended complaint, the OMC Health Plan operated under several different plan instruments. ⁴ Plan A governed active non-union employees, Plan B governed active union members, ⁵ and the plan plaintiffs refer to as the "1984 Retirement Plan" governed retirees. ⁶

### FOOTNOTES

4 According to plaintiffs' first amended complaint, OMC maintained one health plan, the OMC Health Plan, which became effective January 1, 1993. The language from the OMC Health Plan cited by plaintiffs in their third amended complaint is identical to the language from Plans A and B cited by plaintiffs in their fourth amended complaint. Plans A and B appear to be portions of the OMC Health Plan referenced in the first amended complaint. **[\*6]**

5 Plan C governed steelworkers and Plan D governed members of the Laborers International Union of North America. At the time of the plant shutdown, there were no active participants in either plan.

6 Defendants dispute that the 1984 Retirement Plan actually covered retirees. Indeed, the 1984 Retirement Plan, attached to plaintiffs' fourth amended complaint, never mentions "retirees" or contemplates their coverage.

Plaintiffs allege that although OMC maintained several different health plan instruments, OMC operated all instruments under one ERISA welfare plan, the "OMC Consolidated Plan" (formerly designated by plaintiffs as the OMC Health Plan). The plan had a single trust and a single trustee, and it filed a single annual report with the U.S. Department of Labor. Further, according to plaintiffs, the plan had a single "Administrative Committee" and a single "Management Committee." These committees reported to defendants in their capacity as members of the board of directors. The OMC Consolidated Plan states that the Administrative Committee consists of "at least three persons [who] **[\*7]** shall be appointed by and serve at the pleasure of the Board of Directors of the Company." The Management Committee was responsible for investing the assets of the OMC Consolidated Plan. Plaintiffs allege that defendants retained all powers regarding the health plan not delegated to members of either committee.

Although the separate health plan instruments were part of one central health plan, plaintiffs maintain that the plan instruments contained differing language regarding OMC's obligations to fund the plan. Plaintiffs allege that Plans A and B provided that "[t]he Employer shall make contributions in such amounts and at such times as determined by the Company in accordance with plan objectives." The 1984 Retirement Plan states that OMC shall "determine the plan's short term and long term financial needs, with which the investment policy of the Trust shall be appropriately coordinated."

On December 30, 1999, defendants executed Plan E, which, according to plaintiffs, was a replacement for the 1984 Retirement Plan. Plaintiffs deny that Plan E became effective at any point. Plan E states in paragraph 4.1, "The Company shall establish and direct implementation of a funding policy [*8] and method for the Plan which shall be consistent with the objectives of the Plan and which may include a policy of not funding any or all Benefits."

On December 22, 2000, OMC filed for Chapter 11 bankruptcy. As of this date, defendants ceased providing health benefits to plaintiffs. On February 9, 2001, the bankruptcy court approved the sale of substantially all of OMC's assets for approximately $ 90 million.

## DISCUSSION

### MOTION TO DISMISS

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading requires only that the plaintiff "set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001).

### Counts I and II

[*9] Counts I and II of plaintiffs' fourth amended complaint allege that defendants breached their fiduciary duties under ERISA § 404, 29 U.S.C. § 1104, by failing to place funds in the OMC Consolidated Plan sufficient to meet the long-term needs of OMC retirees or to offer COBRA health coverage to employees terminated by OMC when the Waukegan plant closed. Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that they cannot be fiduciaries in this context.

A claim for breach of fiduciary duty under ERISA has three elements: "(1) that the defendants are plan fiduciaries; (2) that the defendants breached their fiduciary duties; and (3) that the breach caused harm to the plaintiff." *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 465 (7th Cir. 2005). The Seventh Circuit has already ruled in this matter that plaintiffs' second amended complaint raised cognizable breach of fiduciary duty claims under ERISA. *Baker v. Kingsley*, 387 F.3d, 649, 663 (7th Cir. 2004). The Seventh Circuit first addressed plaintiffs' failure to fund allegations, holding "that there is a cognizable [*10] duty under the specific language of [the OMC Consolidated] plan, such that plaintiffs' claim should not be dismissed at this early stage." Second, in a statement now ignored by defendants in their current motion to dismiss plaintiffs' claims, Judge Flaum held that "[t]he district court erred in holding that defendants cannot be ERISA fiduciaries with regard to funding the plan." The Seventh Circuit, therefore, expressly upheld plaintiffs' failure to fund claim found in the second amended complaint.

Plaintiffs have now permissibly realleged and amended their failure to fund claim in their fourth amended complaint. Although plaintiffs now make two "failure to fund" claims instead of one, both claims are sufficiently similar to those made in prior complaints that the court considers these counts to be reallegations of the same actions. Because plaintiffs allege that defendants are fiduciaries in this matter, that they breached a duty as fiduciaries, and that their breach caused harm to plaintiffs, the court denies defendants' motion to dismiss based on plaintiffs' failure to state a claim.

Defendants also maintain that plaintiffs fail to state a claim because the relief plaintiffs [*11] request is not available under ERISA. Plaintiffs, in their fourth amended complaint, ask the court to order defendants to place into a successor trust the money defendants should have paid to the OMC Consolidated Plan, including a sum that would have provided plaintiffs with COBRA coverage. In the alternative, plaintiffs ask the court to order direct reimbursement to plaintiffs of uninsured medical expenses as "remedial relief." Defendants assert that ERISA does not provide for individual monetary relief, and they claim that payment for medical bills cannot be characterized as "equitable relief."

Plaintiffs have asked for relief under ERISA § 502(a)(2), which they acknowledge precludes beneficiaries from seeking monetary relief on their own behalf. 29 U.S.C. § 1132(a)(2). Under this statutory provision, plaintiffs may seek only the relief specified in § 409(a), which requires fiduciaries who breach their duties to plan participants to "make good to such plan any losses to the plan resulting from each such breach." 29 U.S.C. § 1109(a). Plan participants may also ask for "such other equitable or remedial relief as the court may deem [*12] appropriate." *Id.*

Because the plan in which plaintiffs participated no longer exists, the relief they seek must necessarily be "equitable or remedial." Plaintiffs ask the court to create a successor trust or to require defendants to reimburse them for unpaid medical expenses. Because these requested remedies are traditional equitable or remedial relief, the court denies defendants' motion to dismiss.

### Count III

Count III of plaintiffs' fourth amended complaint alleges that defendants violated COBRA § 606(a)(4), 29 U.S.C. § 1166 (a)(4), by failing to provide a timely notification of COBRA benefit availability upon termination of plaintiffs' employment. Defendants assert that they had no obligation to provide such notification because that responsibility fell on the Administrative Committee, not defendants themselves. Plaintiffs acknowledge in their fourth amended complaint that the plan designated an Administrative Committee responsible for providing such COBRA Notification. Plaintiffs allege, however, that the Administrative Committee was a "mere instrumentality" of defendants, who therefore bore the true burden of providing notification **[*13]** under COBRA.

The statute specifies that the plan "administrator" bears the burden of providing notification to plan participants. 29 U.S.C. § 1166(a)(4). The administrator is defined as "(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor." 29 U.S.C. 1002(16)(B). Defendants argue that because the Consolidated Health Plan designates the Administrative Committee as the plan administrator, defendants themselves cannot be held liable for actions of the plan administrator.

To support their argument, defendants point to this court's decision in *Fenner v. Favorite Brands Int'l*, 1998 U.S. Dist. LEXIS 7224 (N.D. Ill. 1998). Defendants maintain that this court held in that opinion that employers cannot constitute plan administrators under COBRA. Defendants, however, both cite to the wrong decision in *Fenner* and misstate the court's holding. In the opinion cited by plaintiffs, the court stated that it could not determine whether the plaintiff stated a claim against the administrator or the employee, and it **[*14]** gave the plaintiff leave to file a second amended complaint. The court did not reach a decision on the issue until its second opinion in the case. *Fenner v. Favorite Brand Int'l, Inc.*, 25 F. Supp. 2d 870 (N.D. Ill. 1998). In ruling on the defendant's motion to dismiss the plaintiff's second amended complaint, the court explicitly held that the employer *was* the plan administrator for purposes of ERISA and COBRA. *Id.* at 875-76.

Despite defendants' protestations, plaintiffs clearly allege that defendants were plan administrators for purposes of COBRA notification. For this reason, the court denies defendants' motion to dismiss Count III.

**MOTION FOR SUMMARY JUDGMENT**

Defendants have moved for summary judgment on the ground that plaintiffs' claims are time-barred. A movant is entitled to summary judgment under Rule 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Unterreiner v. Volkswagen of America, Inc.*, 8 F.3d 1206, 1209 (7th Cir. 1993). **[*15]** Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Associates, Inc.*, 914 F.2d 107, 110 (7th Cir. 1990). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. See *Fisher v. Transco Services-Milwaukee, Inc.*, 979 F.2d 1239, 1242 (7th Cir. 1992).

*Counts I and II*

Defendants first argue that plaintiffs' ERISA claims are barred by the applicable statute of limitations. ERISA's statute of limitations for fiduciary breach claims, 29 U.S.C. § 1113, provides:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of-
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date **[*16]** on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

Defendants maintain that plaintiffs' ERISA claims are time-barred because the last action that constituted a part of the alleged breach was OMC's decision in 1984 to fund the Consolidated Health Plan on a "pay-as-you-go" basis. It is defendants' choice to fund the plan on such a basis, however, that necessitates the court's denial of defendants' motion for summary judgment. Although defendants *decided* to fund the plan on such a basis more than six years before the complaint was filed, it follows that defendants *actually* funded the plan on an ongoing basis. Defendants, therefore, funded the health plan trust as late as 2000, making the statute of limitations inapplicable.

Defendants rely on cases in which courts found the plaintiffs' claims time-barred because the defendants made singular decisions not to fund benefit plans more **[*17]** than six years before the plaintiffs filed complaints. See, e.g., *Christensen v. Northrop Grumman Corp.*, 1997 U.S. App. LEXIS 28565, No. 97-1096, 1997 WL 636811 (4th Cir. Oct. 15, 1997); *Bergmann v. BMC Industries, Inc.*, 2006 U.S. Dist. LEXIS 4847, No. 05-963, 2006 WL 487864 (D. Minn. Jan. 20, 2006). These cases, however, are inapposite, because they rely on defendants' one-time actions, rather than a need for ongoing funding decisions. Northrop Grumman's "affirmative decisions...not to purchase annuities" are not comparable to OMC's

decision to make payments to the health plan trust on an as-needed basis.

Indeed, the Consolidated Health Plan states that "the Management Committee from time to time shall determine the Plan's short term and long term financial needs." Such language indicates that OMC had an ongoing duty to evaluate the needs of the Consolidated Health Plan and to fund it accordingly. Defendants' decision to fund the plan on a "pay-as-you-go" basis therefore required defendants to fund the plan repeatedly through 2001. Defendants engaged in funding actions that occurred within six years of filing the complaint. For that reason, the court denies defendants' motion for summary judgment on Counts **[*18]** I and II..

### Count III

Defendants argue that plaintiffs' COBRA claim is time-barred. COBRA does not contain an express statute of limitations provision for claims of failure to provide required notification to beneficiaries. When Congress does not provide a statute of limitations for claims arising under federal law, a court must determine the most analogous cause of action and apply that statute of limitations. See, e.g., Teumer v. General Motors Corp., 34 F.3d 542, 546 (7th Cir. 1994).

This court has previously held that for a "failure to notify" claim under COBRA, the most analogous statute of limitations is the two-year statute applicable to actions against insurance producers, limited insurance representatives, and registered firms. See 735 ILCS 5/13-214.4; see also Carter v. Gen. Elec. Co., 2000 U.S. Dist. LEXIS 3875, No. 98 C 50239, 2000 WL 321553, *1 (N.D. Ill. March 21, 2000).

Plaintiffs ask the court to apply a different statute governing "all civil actions not otherwise provided for" by the provision on which this court has previously relied. This statutory provision has a five-year statute of limitations. 735 ILCS 5/13-205 **[*19]** . Plaintiffs, however, provide no support for their assertion that their claim is not governed by the provision relied upon by this court in the Carter decision. Plaintiffs also ask the court to apply Illinois's fraudulent concealment provision of 735 ILCS 5/13-215, which suspends any statute of limitations. Plaintiffs' fourth amended complaint, however, makes no reference to any fraudulent concealment on the part of defendants. The court therefore declines to adopt the statutes of limitations provisions suggested by plaintiffs.

The most analogous statutory provision gives plaintiffs two years in which to file their claims. Because plaintiffs' COBRA claim was filed outside of the two-year period, it is barred as untimely, and the court grants defendants' motion for summary judgment as to Count III.

### CONCLUSION

For the reasons stated above, defendant's motion to dismiss the fourth amended complaint is denied. The court denies defendant's motion for summary judgment as to Counts I and II, but it grants defendant's motion for summary judgment as to Count III.

Defendant is directed to answer Counts I and II of the fourth amended complaint on or before October 31, 2006. This **[*20]** matter is set for a report on status November 2, 2006, at 9:00 a.m.

**ENTER: October 10, 2006**

**Robert W. Gettleman**

**United States District Judge**

Service: Get by LEXSEE®
Citation: 2006 U.S. Dist. LEXIS 74266
View: Full
Date/Time: Tuesday, April 8, 2008 - 8:05 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
ⓘ - Citing Refs. With Analysis Available
ⓘ - Citation information available
* Click on any Shepard's signal to Shepardize® that case.

Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Off | Help

 About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing Defendant Servisair LLC's Memorandum of Law in Support of Motion to Dismiss was served upon:

> David Lakin
> 1212 South Naper Boulevard, Suite 119
> Box 104
> Naperville, Illinois 60540

by depositing same with FedEx on this 8th day of April 2008, for delivery via FedEx Standard Overnight.

<i>s/ Donald J. McNeil</i>

458540v1