*HHN*

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
J.N  5-27-2008
MAY 27 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DAVID LAKIN ) | |
| Plaintiff, Pro Se ) | |
| ) | Case No. 08 C 0842 |
| ) | |
| v. ) | Honorable John W. Darrah |
| ) | |
| GARY SKALETSY, MD ) | |
| SERVISAIR, LLC and ) | |
| LIBERTY MUTUAL INSURANCE COMPANY ) | |
| Defendants ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT SERVISAIR, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

As a pro se litigant, Plaintiff submits this Response to Servisair, LLC's ("Servisair") Memorandum of Law in Support of Motion to Dismiss filed on April 8, 2008 ("Memorandum").

**INTRODUCTION AND BACKGROUND**

This case is essentially a refiling of Case No. 03 C 3333 ("2003 Case"). Plaintiff was represented by his former attorney, Paul Lindauer ("Lindauer") for the 2003 Case. Gary Skaletsky, MD, Servisair, LLC and Liberty Mutual Insurance Company (collectively "Defendants") were defendants in the 2003 Case.

The 2003 Case was filed on May 19, 2003. Just prior to trial on May 16, 2005, additional information relevant to the case was provided to Lindauer by Servisair on the day discovery closed in the 2003 Case (Document 80). The reason that Servisair withheld information until the last possible moment is not known but this left Linduaer with an inadequate amount of time to review the material and prepare for trial (Document

80 and 81). On May 10, 2005, the Court granted Lindauer an oral motion to voluntarily dismiss the 2003 Case without prejudice to refile (Document 82).

However, the parties had not yet reached agreement as to the settlement of costs. Lindauer indicates in a Motion to Partially Vacate the Dismissal of This Cause dated December 6, 2005 and All Other Orders Dismissing this Cause" filed March 2, 2007 (Document 104) ("March 2, 2007 Motion") that after the May 10, 2005 granting of the oral motion, the Defendants offered to waive the costs *only if* the Plaintiff agreed to dismissal with prejudice. Plaintiff did not agree to the Defendant's offer and continued to negotiate with the Defendants on the resolution of costs. Until the parties were in agreement on the cost issue, **Lindauer was not able to refile the case until all matters were resolved** and the case was dismissed without prejudice. Subsequent to the granting of the May 10, 2005 oral motion, the parties had stipulated to the dismissal of costs on September 30, 2005 (Document 91) and October 4, 2005 (Document 92) before Magistrate Judge Ashman. After the parties stipulated to the dismissal, this Court issued a minute order and the case was dismissed and closed on December 6, 2005 (Document 96).

In good faith and relying both on the Court's granting of the oral motion to dismiss without prejudice to refile and the Defendants agreement to dismiss without prejudice as part of the settlement of costs, Lindauer refiled the case via an Amended Complaint on May 4, 2006 within one year of dismissal of the case on December 6, 2005 (Document 97). At some point, Lindauer apparently discovered that the case was reflected as **dismissed with prejudice *in error*** and therefore, Plaintiff was precluded from refiling the case. Lindauer filed a "Motion to Partially Vacate the Dismissal of this Cause Dated December 6, 2005" on November 30, 2006 ("November 30, 2006 Motion") to partially amend the order to be without prejudice. This motion was filed within one year after this Court closed the case on December 6, 2005. The November 30, 2006 Motion was granted by this Court. Lindauer then filed the March 2, 2007 Motion. After the March 2, 2007 Motion was denied on March 15, 2007, Lindauer abandoned the case to tend to his failing health.

After Lindauer abandoned the case, Plaintiff became aware that there was a problem with his case in July 2007 after reviewing court filings and discovering that the case was closed. The minute order issued on March 15, 2007 (Document 107) indicates

that the March 2, 2007 Motion was denied in full, including amending the dismissal to be without prejudice. As the March 2, 2007 Motion was denied, Plaintiff did not want to refile the case as a pro se litigant without leave of court. Plaintiff needed some time to research the Federal Rules of Civil Procedure to determine the best method of handling this case.

On October 9, 2007, Plaintiff filed a pro se "Motion to Reconsider the March 15, 2007 Order and Allow Plaintiff to Proceed with Cause" ("October 9, 2007 Motion") to request the ability to refile the 2003 Case. This Motion was denied by the Court on December 6, 2007. Plaintiff received a fax of the minute order from Judge Darrah's office on January 10, 2008 after calling to find out why his case was not listed on the docket for the upcoming week (see Exhibit I). After receiving the minute order that specifically states the Plaintiff is able to refile the case, Plaintiff filed the complaint on February 8, 2008.

A. **Plaintiff's Challenge to Servisair's Claim That All of Plaintiff's Claims are Untimely.**

Servisair argues that the complaint filed on February 8, 2008 ("February 8, 2008 Complaint") should be dismissed because all of the claims are untimely. Although the circumstances and timeline of the 2003 Case is complex, all of the filings were timely filed and were filed in good faith.

1. The original case was filed on May 19, 2003 and is within the statute of limitations for filing of all claims.
2. The trial date for the 2003 Case was set for May 16, 2005. Servisair withheld key information from Lindauer and waited until just prior to the trial date to provide this information to Lindauer. Lindauer filed with the Court that some of the key addresses for witnesses were not provided to Linduaer until it was too late to get the deposition of these witnesses in time for trial (Document 80), that the defendants conspired to withhold critical information from Lindauer (Document 81) and that Servisair had an additional witness listed on the may call list listed in the Final Pretrial Order (Document 80) that Lindauer was not aware of until just prior to trial. Servisair's failure to provide this information in a timely manner

severely hindered the ability for the 2003 Case to be decided on its merits. This Court granted Lindauer an oral motion to voluntarily dismiss the 2003 Case without prejudice on May 10, 2005.

3. On December 6, 2005 this Court entered a minute order stating that "Parties having filed a stipulation to dismiss, this case is closed." This is the date that the parties agreed to all terms and the case was closed. Given that it took some time from the May 10, 2005 granting of the oral motion to negotiate with the Defendants to come to an agreement on all terms of dismissal, including dismissal without prejudice to refile, Plaintiff was not able to refile the lawsuit until after the stipulation to dismiss and closing of the 2003 Case on December 6, 2005.

4. In good faith, Lindauer filed an Amended Complaint on May 4, 2006 ("2006 Amended Complaint") **within one year** of the dismissal on December 6, 2005. As part of the December 6, 2005 dismissal, the status of the case was incorrectly reflected as dismissed with prejudice by this Court which precluded any refiling of the case. None of the Defendants filed a Motion to Dismiss or even bothered to respond to the filing of the 2006 Amended Complaint. The Defendants simply ignored the filing allowing additional time to pass and creating further delay in this Court.

5. At some point, Lindauer discovered that the status of the case was incorrectly reflected as dismissed with prejudice. Lindauer filed the November 30, 2006 Motion **within one year** of the December 6, 2005 dismissal to correct the erroneous status of the case from dismissed with prejudice to dismissed without prejudice. The November 30, 2006 Motion was granted by this Court.

6. For reasons unclear to the Plaintiff, Lindauer filed the March 2, 2007 Motion. This March 2, 2007 Motion was denied in full on March 15, 2007. The minute order reads "Plaintiff's motion to vacate the dismissal of this cause dated December 6, 2005 and all other orders dismissing (104) this cause is denied." (Document 107).

7. The denial of the March 2, 2007 motion and the comments entered on the minute order precluded Plaintiff from refiling the case. If this was not the

intention of the Court, this was not clear to the Plaintiff when reading the minute order. Plaintiff did not want to refile the case without leave of court. Therefore, Plaintiff filed the October 9, 2007 Motion to request time to find new counsel and for the court's permission to refile the 2003 Case. The October 9, 2007 Motion was filed under Rule 60(b)(1) which requires that a motion for relief from a final judgment be filed within one year after the judgment was entered. Plaintiff filed his October 9, 2007 Motion **within one year** of the denial of the March 15, 2007 Motion.

8. On December 6, 2007, the court denied Plaintiff's October 9, 2007 motion. Plaintiff discovered that the October 9, 2007 Motion was denied and that he would not be appearing in court when he checked the docket a week prior to the court date to verify which court room he was to appear in on January 16, 2008. A phone call to Judge Darrah's office on January 10, 2008 confirmed that Plaintiff was not scheduled to appear in Court to hear the Court's decision. The copy of the Minute Order was faxed to Plaintiff at 10:45AM by Judge Darrah's office on January 10, 2008 (see Exhibit I) and Plaintiff was told there was no need to appear in Court.

9. Plaintiff filed the February 6, 2008 Complaint **within 30 days** after learning that he was given leave of court to file a new case.

Servisair states that the status of this case has always been dismissed without prejudice. Plaintiff respectively disagrees and believes that the Servisair has a poor recall of the case history based on contradictions between what the Servisair argues in their April 8, 2008 Memorandum, the Defendants argue in the Defendant GlobeGround North America LLC's Opposition to Plaintiff's Motion to Reconsider filed on November 7, 2007 (Document 115) ("November 7, 2007 Opposition") and what the Defendants actual actions were in the hearing of the November 30, 2006 Motion.

In their April 8, 2008 Memorandum and the November 7, 2007 Opposition:

1. Serivisair states that "Lakin's lawsuit was dismissed without prejudice, so he was not barred from filing a new lawsuit asserting the same claims....." (April 8, 2008 Memorandum, paragraph 4).

2. Servisair also argues in their Opposition that "The Court, of course, had not entered any order preventing Lakin from filing a new lawsuit". (April 8, 2008 Memorandum, paragraph 6)

3. Serivisair states that "Neither that Order (in reference the Court's May 10, 2005 Order) nor any subsequent order entered by this Court barred him from proceeding with his claims against Defendants." (November 7 2007 Opposition, paragraph 8).

4. In their November 7, 2007 Opposition, the Defendants make the argument that "To remove any uncertainty as to the status of the case, the Court granted Lakin's motion for clarification and issued an order emphasizing that the 'the dismissal is without prejudice'". (November 7, 2007 Opposition, paragraph 8).

However, during the hearing of the November 30, 2006 Motion held on December 13, 2006, (Transcript - Document 102) the action of the Defendants directly contradicts those four statements made in their Servisair's April 8, 2008 Memorandum and the Defendant's November 7, 2007 Opposition.  During those proceedings, Defendants agreed to *amending* the order to reflect that the dismissal was without prejudice to refile and did not present the Court with a request that the Court merely clarify its current position and deny Lindauer's Motion.  During those proceedings, Defendants did not present the court with those four highlighted arguments now found in their Opposition, or any argument that the case was already unambiguously dismissed without prejudice, as Defendants also asserted in their November 7, 2007 Opposition. During the hearing on December 13, 2006, Mr. Cullinan, attorney for Defendant Liberty Mutual Insurance Company was asked directly by Honorable Judge Darrah if he "....had any objection to amending the order to permit the refiling of that particular claim?" Neither Mr. Cullinan, or the other Defendants for that matter, stated that the case was already unambiguously dismissed without prejudice and the Court should merely issue a clarifying order.  When given an opportunity to do so by Honorable Judge Darrah, none

of the Defendants opposed the amendment of the order to be dismissed without prejudice to allow Plaintiff to refile at that time.

**B. Plaintiff's RICO Claims Should Be Dismissed for the Additional Reason that Plaintiff Has Failed to Plead Any of the Elements of a RICO Claim.**

Plaintiff has set forth the basic premise of the RICO claim and has put Servisair and it's co-defendants on notice of a RICO violation.

A complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). A complaint that complies with the Federal Rules of Civil Procedure cannot be dismissed because it fails to allege facts. The Rules require simply that the complaint state a claim; they do not require the complaint to plead facts that would establish the validity of that claim. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). "All that need be specified are the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 863 (7th Cir. 2002)). This Court has held that stating a claim in a complaint in federal court requires only "a short statement, in plain (that is, non-legalistic) English, of the legal claim." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). Plaintiffs "don't have to file long complaints, don't have to plead facts, don't have to plead legal theories." *Id.*

Just prior to trial in May 2005, Lindauer discovered additional information that Servisair had withheld during discovery that gives rise to a civil RICO violation. Given that the additional information was discovered in prior to trial in 2005, Plaintiff is within the four year statute of limitations for filing a civil RICO claim.

**CONCLUSION**

Given the erroneous status of the December 6, 2005 dismissal with prejudice, Lindauer's abandonment of the case, the defendants not responding to the May 4, 2006 filing and Plaintiff's attempt to determine the exact status of his case on a pro se basis,

the timeline of this case contains some unusual circumstances. However, all filings were made with good faith and within the statute of limitations or timeline required for each filing.

The RICO claim contains enough information to put the defendants on notice of the claim.

Therefore, Plaintiff prays that the Court take all relevant circumstances discussed above into account and deny Servisair's Motion to Dismiss and so that the case could be resolved on its own merits.

_____
David Lakin


David Lakin, Pro Se Plaintiff
1212 South Naper Boulevard, Suite 119
Box 104
Naperville, IL 60540
(630) 853-4668

**EXHIBIT I
TO
PLAINTIFF'S RESPONSE TO DEFENDANT SERVISAIR, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Case 1:03-cv-03333   Document 117   Filed 12/05/2007   Page 1 of 2

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 3333 | DATE | December 6, 2007 |
| CASE TITLE | Lakin vs. Skolotsky, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion to Reconsider the March 15, 2007 Order and Allow Plaintiff to Proceed with Cause is denied. The status hearing scheduled for January 16, 2008, is stricken.

[ For further details see text below.]   Docketing to mail notices.

### STATEMENT

In May 2003, Plaintiff, David Lakin ("Lakin"), filed suit against the Defendants. On the eve of trial, May 10, 2005, the Court granted Plaintiff's oral motion to voluntarily dismiss the suit without prejudice to refile and ordered the parties to confer on the reasonable costs to be assessed against Plaintiff. In June 2005, the case was referred to Magistrate Judge Martin C. Ashman for purposes of settling the cost issue. On December 6, 2005, the case was closed after the parties filed a stipulation to dismiss following an agreement on the issue of costs.

On May 4, 2006, Plaintiff filed a Second Amended Complaint in this closed case. On November 30, 2006, Plaintiff filed a "Motion to Partially Vacate the Dismissal of This Cause Dated December 6, 2005." On December 13, 2006, the Court granted Plaintiff's motion "as follows: the order is amended to reflect that the dismissal is without prejudice." This "amendment" was consistent with the Court's May 10, 2005 order dismissing the case without prejudice.

On March 2, 2007, Plaintiff filed a "Motion to Partially Vacate the Dismissal of This Cause Dated December 6, 2005 and All Other Orders Dismissing this Cause." In this second motion, Plaintiff argued that the Court's orders dismissing the cause should be vacated because the May 2005 and December 2005 orders foreclosed Plaintiff's right to refile his suit. On March 15, 2007, this second motion was denied.

On October 9, 2007, Plaintiff, now *pro se*, filed a "Motion to Reconsider the March 15, 2007 Order and Allow Plaintiff to Proceed with Cause" pursuant to Federal Rule of Civil Procedure 60(b).

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from an order on grounds of mistake, inadvertence, or excusable neglect. Fed. R. Civ. P. 60(b). Rule 60(b) relief is "an extraordinary remedy and is granted only in exceptional circumstances." *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) (internal citation omitted). Attorney inattentiveness to litigation is not excusable, *see Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004), nor is ignorance or carelessness on the part of the litigant or attorney grounds for relief under Rule 60(b). *see United States v. 8136 S. Dobson St.*, 125 F.3d 1076, 1084 (7th Cir. 1997).

03C3333 Lakin vs. Skolotsky, et al.   Page 1 of 2

## STATEMENT

Plaintiff argues that his attorney neglected his case and failed to properly keep him informed of the status of the case. Plaintiff seeks to proceed with his case. However, the March 15, 2007 order does not prevent Plaintiff from proceeding in the case. The Court has previously "clarified" that the dismissal of Plaintiff's case was without prejudice to refile. Furthermore, Plaintiff's attorney's alleged inattentiveness, ignorance, and/or carelessness are not grounds for relief under Rule 60(b). Accordingly, Plaintiff's Motion to Reconsider the March 15, 2007 Order and Allow Plaintiff to Proceed with Cause is denied. The status hearing scheduled for January 16, 2008, is stricken.

03C3323 Lakin vs. Skolnsky, et al.

## CERTIFICATE OF SERVICE

The undersigned Plaintiff hereby certifies that copies of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT SERVISAIR, LLC MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** was served upon:

Donald J. McNeil, Esq.
Jeremy B. Lewin, Esq.
Barnes & Thornburg, LLP
One N. Wacker Drive
Suite 4400
Chicago, IL 60606

by depositing same with FedEx on this 27th day of May, 2008 for delivery via FedEx Standard overnight.

*David Lakin*

David Lakin

David Lakin, Plaintiff
1212 South Naper Boulevard, Suite 119
Box 104
Naperville, IL 60540
(630) 853-4668