**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID LAKIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 0842 |
| | ) | |
| v. | ) | Judge Darrah |
| | ) | Magistrate Judge Ashman |
| GARY SKALETSKY, MD, LIBERTY | ) | |
| MUTUAL INSURANCE COMPANY and | ) | |
| SERVISAIR, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SERVISAIR LLC'S REPLY MEMORANDUM
OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendant Servisair LLC ("Servisair" or the "Company"), by its attorneys,

submits this reply memorandum of law in support of its Fed. R. Civ. P. 12(b)(6) motion to

dismiss all claims made against Servisair by Plaintiff David Lakin ("Lakin").

**I.  INTRODUCTION AND BACKGROUND**

Lakin is a former employee of Servisair.[1]  In his Complaint, Lakin claims that (1)

on or around August 31, 2001, Servisair terminated his employment for asserting his rights under

the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/1, *et seq.* (Lakin's "retaliatory

discharge" claim) (Count III); (2) Servisair and co-Defendants Gary Skaletsky, M.D., ("Dr.

Skaletsky") and Liberty Mutual Insurance Company ("Liberty Mutual") conspired to deprive

him of his rights under the IWCA and of his employment with Servisair (Lakin's "conspiracy"

claim) (Count IV); (3) Servisair breached a bailment to safeguard Lakin's tools while he was off

---

[1]     When Lakin last worked for the Company in 2001, it was known as Hudson General
LLC.  It later changed its name to GlobeGround North America LLC and then to Servisair LLC.
Since the instant complaint is brought against Servisair, we will refer to the Company as
Servisair throughout this memorandum.

work due to an injury (Count V); (4) Servisair violated the Consolidated Omnibus Budget

Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, *et seq*., by failing to offer him continued

medical insurance coverage after Servisair terminated his employment (Count VI); (5) Servisair

failed to pay him accrued vacation pay when it terminated his employment (Count VII); (6)

Servisair's termination of Lakin's employment somehow violated the Racketeer Influenced and

Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a)-(d) (Count VIII); and (7) Servisair

and its co-Defendants somehow violated RICO by conspiring to deprive Lakin of his rights

under the IWCA and of his employment with Servisair (Count X).

      Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Servisair has

moved to dismiss (1) all of Lakin's claims against Servisair because the limitations period

applicable to each claim has expired, and (2) Lakin's RICO claim for the additional reason that

Lakin has failed to plead any of the elements of a RICO claim.

      In his Response, Lakin recites his version of the history of Case No. 03 C 3333

(the "2003 Case"), which involved the same parties and essentially the same claims by Lakin.[2]

He explains why he filed the complaint herein as late as he did, but he does not provide the Court

with any factual or legal basis for letting him proceed here despite his tardiness.  Nor can he

provide such a basis in light of the following uncontested facts:

- On May 10, 2005, this Court granted Lakin's[3] oral motion to voluntarily dismiss the 2003 Case without prejudice.  (Document No. 82).

- Lakin's lawsuit was dismissed without prejudice, so he was not barred from

---

[2]    Lakin did not claim that Defendants' alleged wrongful conduct violated RICO until he filed an "Amended Complaint" (Document No. 97) on May 4, 2006, almost one year after his original complaint was voluntarily dismissed.

[3]    At the time, Lakin was represented by counsel, who took all the actions described herein as taken by "Lakin" until Lakin entered his *pro se* appearance.

filing a new lawsuit asserting the same claims (or different ones for that matter).

- Instead of doing so, on May 4, 2006, Lakin filed a document entitled "Amended Complaint" in the 2003 Case. (Document No. 97). This document was not accompanied by any motion or any explanation as to why Lakin was filing an Amended Complaint in a closed case.

- On November 30, 2006, Lakin filed a "Motion to Partially Vacate the Dismissal of This Cause Dated December 6, 2005." (Document No. 98). Lakin's attorney apparently read this Court's Order of December 6, 2005, noting that the case was closed, as somehow precluding Lakin from filing a new lawsuit against Defendants. Since that was not the Court's intent, the Court granted Lakin's motion in an order stating, "Plaintiff's motion to partially vacate the dismissal cause [sic] dated 12/6/05 is granted as follows: The order is amended to reflect that the dismissal is without prejudice." (Document No. 101).

- On October 9, 2007, Lakin (now appearing *pro se*) filed a "Motion to Reconsider the March 15, 2007 Order and Allow Plaintiff to Proceed with Cause" pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure (Lakin's "Motion"). (Document No. 109). In his Motion, Lakin did not contest that "[o]n May 10, 2005, this court granted Plaintiff's counsel an oral motion to voluntarily dismiss the suit without prejudice to refile." (Motion ¶ 1). Lakin stated (accurately) that his attorney had told him "he had requested the court to allow additional time to prepare for the case and that the case was dismissed without prejudice." (Motion ¶ 2). Lakin said, "The case was refiled on May 4, 2006" (Motion ¶ 5), referring to his attorney's filing of an "Amended Complaint" despite the fact that the case at that point was closed.

- On December 6, 2007, this Court denied Lakin's Motion. (Document No. 117).

- On February 8, 2008, Lakin filed his complaint in this case.

## II. **LEGAL ARGUMENT**

A.     **All of Lakin's Claims Are Untimely.**

All of Lakin's claims against Servisair are based on events that occurred before or around August 31, 2001, when Servisair allegedly terminated his employment. That is when the clock began to run for each of Lakin's claims, and time expired no later than five years

3

thereafter.[4]

Neither the filing of the 2003 Case nor the fact that it was voluntarily dismissed "without prejudice" saves Lakin's claims against Servisair from dismissal. "'Without prejudice' does not mean 'without consequence.' If the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations." *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Dir. 1989). This lawsuit was filed on February 8, 2008, too late to satisfy any applicable limitations statute. The various excuses given by Lakin for his late filing do not change this dispositive fact. Lakin cites no authority (because there is none) holding that ignorance of basic principles of federal civil procedure somehow absolves a party of its obligation to file its claims by the statutory deadline.

Accordingly, Lakin's claims against Servisair should be dismissed with prejudice because the limitations period applicable to each claim has expired.

**B.    Lakin's RICO Claims Should Be Dismissed for the Additional Reason That Lakin Has Failed to Plead Any of the Elements of a RICO Claim.**

Lakin's RICO claims against Servisair should be dismissed for the additional reason that Lakin has failed to plead any of the elements of a RICO claim. To state a claim for relief under RICO, Lakin had to plead that Servisair engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. A pattern of racketeering activity consists of at least two predicate acts of racketeering committed within a ten-year period. Predicate acts are acts indictable under a specified list of criminal laws, 18 U.S.C. § 1961(1)(B)." *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir. 1992) (internal quotation marks and citations omitted).

---

[4]    In his Response, Lakin does not dispute the recitation of applicable limitations periods set forth in Servisair's initial memorandum in support.

Lakin has not pleaded any of this.  In his Response, Lakin cites the notice-pleading principles set forth in *Conley v. Gibson*, 355 U.S. 41 (1957), and its progeny.  But he never explains how he has given Servisair notice of the manner in which it allegedly violated RICO.  He also ignores the Supreme Court's recent restatement of federal pleading requirements:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level. . . .

*Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations and internal quotation marks omitted); *see Jennings v. Auto Meter Products, Inc.*, 495 F. 3d 466, 472-74 (7th Cir. 2007) (applying *Bell Atlantic* in a RICO case).

Lakin does not plead **any** facts in support of his RICO claim, let alone "factual allegations . . . enough to raise a right to relief above the speculative level."  For this additional reason, Lakin's RICO claim must be dismissed.

### III. CONCLUSION

For all the foregoing reasons, and for the reasons set forth in Servisair's motion to dismiss and initial memorandum in support, Servisair requests that the Court dismiss Lakin's claims against Servisair with prejudice, and award Servisair its costs, including attorneys' fees, reasonably incurred in obtaining dismissal.

DATED:  June 10, 2008

SERVISAIR LLC

By:    *s/Donald J. McNeil*
One of Its Attorneys

Donald J. McNeil, #6193106
Jeremy B. Lewin #6269242
Barnes & Thornburg LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606
(312) 357-1313
(312) 759-5646 (FAX)

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing

Defendant Servisair LLC's Reply Memorandum of Law in Support of Motion to Dismiss was

served upon:

> David Lakin
> 1212 South Naper Boulevard, Suite 119
> Box 104
> Naperville, Illinois 60540

by depositing same with FedEx on this 10th day of June 2008, for delivery via FedEx Standard

Overnight.

*s/ Donald J. McNeil*

469398v1