UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID LAKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 08 C 842 |
| v. | ) |
| | ) Judge John W. Darrah |
| GARY SKALETSKY, MD; | ) |
| LIBERTY MUTUAL INSURANCE CO.; | ) |
| and SERVISAIR, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, David Lakin ("Lakin"),[1] filed suit against Defendants, Gary Skaletsky, MD ("Skaletsky"), Liberty Mutual Insurance Company ("Liberty Mutual"), and Servisair, LLC ("Servisair"),[2] asserting ten causes of action. Plaintiff alleges failure to maintain medical confidentiality against Skaletsky (Count I) and Liberty Mutual (Count II), wrongful discharge against Servisair (Count III), civil conspiracy against all Defendants (Count IV), breach of bailment (Count V), violation of the Consolidated Omnibus Budget Reconciliation Act ("COBRA") (Count VI), withholding of accrued vacation pay (Count VII), a RICO violation against Servisair (Count VIII), a RICO violation against Liberty Mutual (Count IX), and a RICO violation against all Defendants (Count X). Pending before this Court is Servisair's Motion to Dismiss Counts III-VIII and X for failure to state a claim upon which relief can be granted.

---

[1] Lakin was previously represented by counsel until March 15, 2007, when counsel withdrew. Actions described as taken by "Lakin" were taken by Lakin's counsel until Lakin appeared and proceeded *pro se*. Lakin's present Complaint was filed *pro se*.

[2] At the time Lakin worked for the company in 2001, it was called Hudson General LLC. It changed names to GlobeGround North America LLC and then later to Servisair LLC. The Defendant company will be referred to as Servisair throughout this Order.

## BACKGROUND

A reading of Plaintiffs' Complaint supports the following summary of the alleged conduct of the parties.

Lakin is a former employee of Servisair who was injured while working on June 14, 2001. Liberty Mutual, as Servisair's worker's compensation insurance company, sent Lakin to Skaletsky for an evaluation on July 10, 2001. Liberty Mutual requested a reexamination of Lakin on July 31, 2001, and during this exam, Lakin requested that Skaletsky be his treating physician for the June 14, 2001 work injury. On August 31, 2001, Skaletsky cleared Lakin to return to work without restrictions and without examining Lakin. By September 12, 2001, Liberty Mutual had transferred Lakin's August 31, 2001 medical report to Servisair. Sometime around August 31, 2001, Servisair terminated Lakin's employment.

Sometime after being terminated, Lakin returned to Servisair to find $10,000 worth of his own tools missing. Servisair never offered Lakin the opportunity to extend his medical insurance pursuant to COBRA, and Servisair withheld accrued vacation pay from Lakin.

On May 19, 2003, Lakin filed his first federal suit in this matter, Case No. 03 C 3333 ("2003 Case"). Lakin's present Complaint alleges that prior to the start of trial, which was scheduled for May 16, 2005, Lakin became aware that Servisair had withheld the addresses of key witnesses until the close of discovery, and Servisair had an additional witness on its list not included in the Final Pretrial Order. Because Servisair's conduct left Lakin unprepared for trial, Lakin's counsel moved for a voluntary dismissal of the 2003 Case.[3] The Court granted the voluntary dismissal on May 10, 2005. In June of 2005, the 2003 Case was transferred to

---

[3] Lakin's August 30, 2005 Response to Defendants' Demands for Costs in the 2003 Case contradicts his present Complaint, however, in that the Response stated that the reason for seeking the voluntary dismissal was the poor health of Lakin's former attorney.

2

Magistrate Judge Ashman to determine the issue of costs. On both September 20, 2005, and October 4, 2005, the parties stipulated before Judge Ashman that costs would not be paid by Lakin.[4] On December 6, 2005, this Court issued a Minute Order, closing the 2003 Case. Lakin's counsel believed that he could not re-file Lakin's case while the parties were disputing costs and before the Court had closed the 2003 Case.

On May 4, 2006, Lakin filed a pleading entitled "Amended Complaint" in the closed 2003 Case. Lakin and his attorney apparently believed that the December 6, 2005 Minute Order closing the 2003 Case had erroneously dismissed the 2003 Case with prejudice. On November 30, 2006, pursuant to this belief, Lakin filed a Motion to Partially Vacate the December 6, 2005 dismissal, requesting that the Court amend the Order to reflect that the dismissal was without prejudice. The Court held a hearing on Lakin's motion on December 13, 2006, and granted the Motion to the extent that the Order should read that the May 10, 2005 dismissal was without prejudice. On March 2, 2007, Lakin filed a Motion to Vacate the Dismissal of the 2003 Case. On March 15, 2007, this Court denied Lakin's Motion to Vacate. Lakin's counsel withdrew from representing him after the Court ruled on the March 2 motion, and Lakin then proceeded *pro se*.

Sometime in July 2007, Lakin claims he realized that his case was not pending before this Court. Lakin believed that the March 15, 2007 Order denying Lakin's March 2, 2007 Motion to Vacate precluded him from re-filing his case. Lakin believed that he needed leave of court in order to re-file his claims as a fresh case, and he needed time to research how to proceed as a *pro se* litigant. On October 9, 2007, Lakin filed a Motion to Reconsider the March 15, 2007 Order. This Court denied Lakin's Motion to Reconsider on December 6, 2007. In January 2008, Lakin

---

[4] Lakin's Complaint provided two dates for when the stipulation as to costs occurred. It is immaterial to the resolution of this case which date is controlling.

3

alleges that he called this Court to check on the status of his case and learned that his case was closed and not pending. Lakin thought that he needed leave of this Court before he could re-file his claims. On January 10, 2008, Lakin received a fax from Judge Darrah's chambers, containing the Court's December 6, 2007 Order denying Lakin's October 9, 2007 Motion to Reconsider. Armed with a copy of the December 6 Order, Lakin believed that he was now able to re-file his claims. On April 8, 2008, Lakin filed the present case, alleging the same claims raised in the 2003 Case, plus two RICO claims.

## LEGAL STANDARD

Lakin was represented by counsel for his 2003 Case, but now brings this Complaint *pro se*. Federal courts are required to liberally construe *pro se* complaints. *Haines v. Kerner*, 404 U.S. 519, 520, (1972); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). District courts have a special responsibility to allow ample time for amending the complaint when it appears that, by amending, the *pro se* litigant would be able to state a valid claim. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir.1996) (*Donald*). *Pro se* complaints should be adjudicated on the merits when possible, rather than on technical grounds. *Donald*, 95 F.3d at 555.

In ruling on a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the non-moving party. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To meet the requirements of Rule 8(a)(2), the complaint must first describe the claim in sufficient detail "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests[.]'" *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964 (2007) (*Bell Atlantic*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 767 (7th Cir. 2007) (citing *Bell Atlantic*, 127 S. Ct. at 1973 n. 14). District courts may *sua sponte* dismiss under Rule 12(b)(6) where it is evident from the face of the pleading that there is a sufficient basis for the court's action. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (*Ledford*).

A defendant's assertion that a claim is time-barred by a statute of limitations is an affirmative defense that is rarely a good reason to dismiss under Rule 12(b)(6). *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004). Where a defendant's motion to dismiss early in the litigation is based on a statute of limitations, the question is "whether there is any set of facts that if proven would establish a defense to the statute of limitations." *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003) (*Clark*). If the facts alleged in the complaint establish that the suit is time-barred, however, the plaintiff can plead themselves out of court under a 12(b)(6) motion to dismiss. *Clark*, 318 F.3d at 767; *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

## ANALYSIS

### Subject-Matter Jurisdiction

Although not raised by Liberty Mutual, there is a threshold issue of whether subject-matter jurisdiction exists over all of Lakin's claims. Rule 8(a)(1) requires only a "short and plain statement" of the basis for federal court jurisdiction, which must be plead affirmatively, however, and cannot be established by inference. *McCready v. EBay, Inc.*, 453 F.3d 882, 890

5

(7th Cir. 2006) (*McCready*). For *pro se* plaintiffs, the court should not dismiss for failure to properly plead subject-matter jurisdiction if the existence of jurisdiction can be gleaned from the rest of the complaint. *Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978). Lakin has pleaded that he has filed his Complaint pursuant to Federal Rule of Civil Procedure 41 and that jurisdiction arises under the federal COBRA and RICO statutes. Lakin does not cite any other specific statutory basis for subject-matter jurisdiction over either his federal or state-law claims.

Applying the more lenient standards accorded *pro se* litigants, Lakin does appear to have pleaded enough information to invoke federal question jurisdiction over his federal COBRA and RICO claims, pursuant to 28 U.S.C. § 1331. Lakin also appears to have pleaded enough to trigger supplemental jurisdiction over his related Illinois state law claims, pursuant to 28 U.S.C. § 1367.

## Statute of Limitations

Assuming properly plead subject-matter jurisdiction, Lakin's claims still fail because they are all time-barred. Servisair moved to dismiss all seven Counts against it on the ground that Lakin's Complaint, filed on February 8, 2008, was time-barred by the applicable statutes of limitations. In Lakin's Response to Servisair's Motion to Dismiss, Lakin did not dispute the applicable statute-of-limitations period with regard to each claim. Lakin's response was to argue that his filings were timely and in good faith and that the timeline of the case was complicated.

The Federal Rules allows a plaintiff to voluntarily dismiss their complaint without prejudice, after responsive pleadings have been filed, either by the stipulation of all parties or by leave of court. FED. R. CIV. P. 41(a). A voluntary dismissal does not alter the applicable statute of limitations because the first suit is treated as if it was never filed. *Beck v. Caterpillar Inc.*, 50 F.3d 405, 407 (7th Cir. 1995) (*Beck*). A voluntary dismissal without prejudice is not without

consequences. *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir. 1989) (*Powell*). While a party is free to discontinue a suit (and where the dismissal is without prejudice, the party is free to file the same claims again) any subsequent filings must satisfy the statute of limitations. *Powell*, 866 F.2d at 966. Lakin's suit is based on events that concluded on or around August 31, 2001. That is the date when the clock started on his claims. Illinois has a savings statute that affords plaintiffs who voluntarily dismiss one year to re-file, or until the ordinary limitations period expires, whichever is longer. 735 ILCS 5/13-217. Illinois' saving statute only applies to state-law claims, or federal claims that borrow state-law limitation periods. *Beck*, 50 F.3d at 407.

Lakin, through his previous counsel, voluntarily dismissed his 2003 Case by Order of this Court in 2005. The parties dispute when the voluntary dismissal Order became operative. Liberty mutual contends that the voluntary dismissal took effect when this Court granted Lakin's oral motion to voluntarily dismiss without prejudice on May 10, 2005. Lakin contends that the voluntary dismissal did not take effect until this Court signed an Order closing the case on December 6, 2005. The dispute is immaterial because even the later date does not render Lakin's current filing timely. Lakin filed his present Complaint on February 8, 2008, alleging the same claims against the same parties as in the 2003 Case, with the addition of the two RICO claims (Counts VIII and X). Using the later date in deference to Lakin's *pro se* status, the saving statute gave him until December 6, 2006, to re-file his claims based on the following applicable statutes of limitations.[5]

---

[5] It could also be argued that the operative date was December 13, 2006, when an Order was entered clarifying that the voluntary dismissal was without prejudice. However, the February 8, 2008 filing date in the present case would still be untimely.

7

*Count III - Wrongful Discharge*

Count III is titled "wrongful discharge" but the Count alleges that he was terminated because he exercised his rights under the Illinois Worker's Compensation Act, which is more accurately construed as a retaliatory discharge claim. *See Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 181 (1978) (recognizing the tort of retaliatory discharge in Illinois where the employee was terminated for asserting his rights under the Illinois Worker's Compensation Act). Under Illinois law, retaliatory discharge claims have a five-year statute of limitations. *Teumer v. General Motors Corp.*, 34 F.3d 542, 550 (7th Cir. 1994). Lakin was discharged on or around August 31, 2001, so he had until August 31, 2006, to file suit. The savings statute extended that time to December 6, 2006. Lakin's February 8, 2008 retaliatory discharge claim is untimely.

*Count IV - Civil Conspiracy*

Count IV alleges a civil conspiracy between the Defendants to deprive Lakin of his employment with Servisair and to deny him his rights under the Illinois Worker's Compensation Act. In Illinois, civil conspiracy claims also appear to have a five-year statute of limitations, although the cause of action is not often litigated. *Keeran v. Wahl Co.*, 320 Ill. App. 457, 462, (Ill. App. Ct. 1943). Lakin did not plead that the alleged conspiracy continued beyond his termination from Servisair, so his civil conspiracy cause of action accrued on or about August 31, 2001. Therefore, Lakin had until August 31, 2006, to file a claim on this ground. The savings statute pushed the deadline back to December 6, 2006. He missed the later deadline as well. Therefore, Count IV is also time-barred.

*Count V - Breach of Bailment*

Count V alleges a breach of bailment for the loss of Lakin's personal property. All claims as to personal property in Illinois are also subject to a five-year statute of limitations. *In*

*re MarchFirst, Inc.*, 378 B.R. 563, 567 (N.D. Ill. 2007). After being terminated, Lakin returned to Servisair to collect his tools, which were missing. Lakin does not state the exact date when he returned to his former employer and discovered that his tools were missing, but he implies that Servisair was under a duty to secure his tools while he was out of work due to injury. This implies that the alleged breach occurred sometime between the date he was injured on June 14, 2001, and the date he was terminated, on or about August 31, 2001. In that case, Count V is also time-barred, as Lakin had until August 31, 2006, to file suit on this cause of action. The savings statute again operated to extend his time to file to December 6, 2006. Lakin's present suit was commenced in February 2008, fully fourteen months past the limitations period.

### *Count VI - COBRA Violation*

Count VI alleges a violation of the notification requirements under COBRA. In Illinois, there is a two-year statute of limitations for claims arising out of the failure to provide COBRA notification. *Baker v. Kingsley*, No. 03 C 1750, 2006 U.S. Dist. LEXIS 74266, at *18 (N.D. Ill. Oct. 10, 2006). Where a federal cause of action is controlled by a state statute of limitations, that state's tolling and savings provisions also apply. *Beck*, 50 F.3d at 406. Lakin was terminated on or about August 31, 2001, so he had until on or about August 31, 2003, to file a COBRA violation claim. The savings statute gave him extra time to re-file, until December 6, 2006. He missed the outer deadline. Therefore, Count VI is time-barred as well.

### *Count VII - Withholding of Vacation Pay*

Count VII alleges that accrued vacation pay was withheld. Claims for wages in Illinois are brought pursuant to the Illinois Wage Payment and Collection Act, which has a five-year statute of limitations. *People ex rel. Ill. Dept. of Labor v. Tri State Tours, Inc.*, 342 Ill. App. 3d 842, 848, (Ill. App. Ct. 2003). Lakin was terminated on or around August 31, 2001, so he had

until on or around August 31, 2006, to file suit over his vacation pay. The savings statute gave him until December 6, 2006, on this Count as well. Because he did not file until February 2008, Count VII is also time-barred.

*Counts VIII and X - RICO Violations*

Count VIII alleges that Servisair violated RICO by terminating Lakin and other unnamed Servisair employees in retaliation for asserting their rights under the Illinois Worker's Compensation Act. RICO has a four-year limitations period for civil claims. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987). As a federal cause of action with a federally defined statute of limitations, Illinois savings statute is inapplicable. *See Beck*, 50 F.3d at 407. No dates are provided for the other alleged predicate acts, nor are other alleged victims named. Lakin's termination was on or around August 31, 2001, and he therefore had until on or around August 31, 2005, to file a civil RICO suit. Count VIII is untimely as well.

In Count X, Lakin also alleges that all the Defendants violated RICO by conspiring together to deprive him of his rights under the Illinois Worker's Compensation Act. Count X alleges the same conduct by Servisair as did Count VIII; the difference is that the claim runs against all Defendants. In contrast to Count VIII, however, Count X does not allege any other predicate acts, or any other victims besides the Plaintiff, whether named or unnamed. Assuming arguendo that Lakin has pled a valid RICO claim, there is still the question of timeliness. The alleged conspiracy occurred on or around August 31, 2001. As with Count VIII, the deadline for filing this claim was August 31, 2005. Count X is also outside the applicable limitations period.

<u>Tolling Doctrines</u>

There are situations where a statute of limitations can be tolled, but none are applicable to Lakin. One tolling doctrine is equitable estoppel, which can toll a limitations period where the

10

defendant takes active steps to prevent the plaintiff from suing in time. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th cir. 1990) (*Cada*). Equitable tolling is another deadline-extending doctrine, where despite due diligence the plaintiff is unable to obtain vital information bearing on the existence of a claim in time. *Cada*, 920 F.2d at 451. Equitable tolling can excuse an untimely filing only when extraordinary circumstances outside the litigant's control impeded the timely filing. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

### *Servisair's Alleged Misconduct*

In the present Complaint, Lakin alleges that his counsel sought the voluntary dismissal of the 2003 Case in 2005 because Servisair abused discovery by withholding evidence. Yet in Lakin's Response to Defendants' Demand for Costs, filed on August 30, 2005, in the 2003 Case, Lakin asserted that it would be inappropriate to assess costs against him for voluntarily dismissing because the dismissal was due to his attorney's poor health. Lakin's present Complaint directly contradicts the reason given in 2005 for dismissing the 2003 Case, and regardless, this newly alleged misconduct does not provide a basis for equitable estoppel or equitable tolling.

### *Lakin's Former Counsel's Conduct*

Lakin has not expressly blamed his attorney for the failure to file on time, or for the error in choosing to file an amended complaint in a closed case rather than initiating a new suit. Because he is a *pro se* litigant, however, his Response will be construed to raise the issue of his former attorney's conduct as the basis for Lakin's untimeliness. This argument also fails. Litigants are accountable for the acts and omissions of their attorneys. *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 396, (1993); *Easley v. Kirmsee*, 382 F.3d 693, 698

(7th Cir. 2004). Attorney negligence is not a ground for equitable tolling. *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). Neither his attorney's conduct, his opponent's conduct, nor his *pro se* status relieve Lakin of his obligation to comply with the applicable statutes of limitations.

### *Filing an Amended Complaint in a Closed Case*

While still represented by counsel, Lakin inexplicably attempted to file an amended complaint in the closed 2003 Case on May 4, 2006. The filing of an amended complaint in a closed case has no effect on the statute of limitations. *See Farzana K. v. Indiana Dept. of Educ.*, No. 1:03-cv-1665-DFH-TAB, 2007 WL 3285805, at *3 (S.D. Ind. Nov. 5, 2007) (filing an amended complaint in a closed case has no effect); *Doss v. Clearwater Title, Co.*, No. 06 C 6170, 2007 WL 1531802, at *4 (N.D. Ill. May 24, 2007) (district court denied a request to file an amended complaint in a closed case); *Poston v. Shappert*, No. 5:06CV142-MU, 2006 WL 3479339, at *3 (W.D.N.C. Nov. 30, 2006) (plaintiff may not file an amended complaint in a closed case).

### *Believing that Leave of Court Was Required in Order to Re-file*

Lakin claims that he did not understand that unless stated otherwise a voluntary dismissal under Rule 41 is without prejudice and that he could have filed a new complaint without leave of court. Although *pro se* litigants are granted leniency, they still must comply with the federal rules. *McNeil v. United States*, 508 U.S. 106, 113, (1993). Both Orders of this Court dismissing the 2003 Case, May 10, 2005 and December 6, 2005, expressly stated that the case was dismissed without prejudice. Lakin's misapprehension of the federal rules is not ground for tolling the limitations period.

## Costs and Attorney's Fees

### Taxable Costs

In its motion to dismiss, Servisair seeks costs incurred in pursuing this dismissal. "Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." FED. R. CIV. P. 54(d). Taxable costs include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920. There exists a strong presumption in favor of awarding costs to the prevailing party. *Weeks v. Samsung Heavy Indus., Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (*Weeks*). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945. Filing a case in good faith is not a sufficient reason to deny costs. *Weeks*, 126 F.3d at 945. Servisair is a prevailing party because this Court has dismissed all of the claims against it. Servisair may submit a bill of costs, pursuant to Rule 54(d) and Local Rule 54.1.

### Attorney's Fees

Servisair also seeks its attorney's fees, but it has not provided any authority supporting its claim for an award of fees in this matter. Under the American Rule, parties pay for their own attorney's fees, absent statutory or contractual language to the contrary. *Travelers Cas. & Sur. Co. of America v. Pacific Gas & Elec. Co.*, __ U.S. __, __, 127 S. Ct. 1199, 1203 (2007). A request for attorney's fees must be made by motion, FED. R. CIV. P. 54(d)(2)(A); *Bender v. Freed*, 436 F.3d 747, 750 (7th Cir. 2006); and it must be filed after entry of judgment on the merits. *Great-West Life & Annuity Ins. Co. v. Dana Credit Corp.*, No. 06 C 2481, 2006 WL

13

2949520, at *2 (N.D. Ill. Oct. 12, 2006). A motion for attorney's fees must "specify . . . the statute, rule, or other grounds entitling the movant to the award." FED. R. CIV. P. 54(d)(2)(B)(ii); *Vendetti v. Compass Environmental, Inc.*, No. 06 C 3556, 2008 WL 1774983, at *1 (N.D. Ill. April 16, 2008).

## Sua Sponte Dismissals

### Counts IX and X – RICO

Defendants Skaletsky and Liberty Mutual are not involved in Servisair's pending Motion to Dismiss, but this Court may invoke Rule 12(b)(6) and dismiss where it is evident no claim for relief is possible. *Ledford*, 105 F.3d at 356. Counts IX and X state RICO claims against Skaletsky and Liberty Mutual, arising out of the same alleged conduct that formed the basis of Lakin's RICO claim against Servisair (Count VIII). As Lakin's RICO claims against Servisair are time-barred (*see supra*, Part III-B-6), they are also time-barred against the other Defendants. Counts IX and X are dismissed with prejudice.

### Counts I and II – Failure to Maintain Medical Confidentiality

Lakin does not state any legal basis for his first two Counts, failure to maintain medical confidentiality against Skaletsky (Count I) and Liberty Mutual (Count II). Employers in Illinois have a right to employee medical reports pertaining to worker's compensation claims. 820 ILL. COMP. STAT. 305/8(a) (2008). Lakin has no cause of action in Illinois for Defendants' disclosure of his medical records. Therefore, Counts I and II fail under a state-law theory. *See Lakin v. Skaletsky*, No. 03 C 3333, 2004 WL 178396, at *2 (N.D. Ill. Jan. 22, 2004) (holding that Liberty Mutual was entitled to Skaletsky's medical reports on Lakin); *Lakin v. Skaletsky*, No. 03 C 3333, 2003 WL 22071500, at *2 (N.D. Ill. Sept. 5, 2003) (holding that Servisair was entitled to Skaletsky's medical reports on Lakin).

14

Lakin did not plead Counts I and II as Health Insurance Portability and Accountability Act (HIPAA) claims, but they could be construed as such because he is claiming Defendants Skaletsky and Liberty Mutual disclosed protected health information. Pub. L. No. 104-191, 110 Stat. 1936 (1996) (codified in scattered sections of 18, 26, 29 and 42 U.S.C.). Although neither the Supreme Court nor the Seventh Circuit has ruled, every other court to address the issue has held that HIPAA does not afford a private right of action. *Hubbard v. Cope*, No. 07-822-MJR, 2008 WL 2410856, at *4 (S.D. Ill. Jun. 11, 2008); *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007); *see* Standards for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, *82601 (Dec. 28, 2000) (commenting that HIPAA does not provide a private right of action). Characterizing Counts I and II as HIPAA claims fails. As Lakin has not stated a valid claim for relief, Counts I and II are dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, all ten Counts are dismissed with prejudice against all Defendants. Servisair may file a bill of costs.

Dated: 10-15-08

JOHN W. DARRAH
Unites States District Court Judge

15